IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIFANI C. LAUZON,

        Plaintiff

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant

Civil No.06-6263-AA

OPINION AND ORDER

Kathryn Tassinari
Mark Manning
Harder, Wells, Baron & Manning, PC
474 Willamette St., Suite 200
Eugene, OR 97401
    Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

JEFFREY H. BAIRD
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075
    Attorneys for Defendant

AIKEN, District Judge:

Plaintiff Tifani Lauzon seeks judicial review of the Social Security Commissioner's final decision denying her application for benefits under Title XVI of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's decision is REVERSED and REMANDED for an award of benefits.

## BACKGROUND

Born in July 10,1988, Lauzon applied for Childhood Social Security Income (SSI) benefits on June 16, 2003. Tr. 55-57.[1] At this date Lauzon was fourteen. Lauzon alleges disability due to depression, severe emotional disturbance, oppositional-defiant disorder (ODD ), attention-deficit hyperactivity disorder (ADHD), obsessive compulsive disorder (OCD), post-traumatic stress disorder (PTSD), personality disorder, and "behavior/mood" disorder, and obesity. Tr. 76. Lauzon alleges she has been disabled by these conditions since age two or three. *Id.*

Lauzon's claim was denied initially and upon reconsideration. Tr. 41-43, 46-50. A hearing was held before an Administrative Law Judge (ALJ) on January 3, 2006. Tr. 427-70. The ALJ issued an unfavorable decision on July 7, 2007. Tr. 15-25. The Appeals Council denied review of

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer December 12, 2006 (Docket # 8).

2 - OPINION AND ORDER

the ALJ's decision, making his decision final. Tr. 8-10. Lauzon presently appeals.

## DISABILITY ANALYSIS

### A. Determining Childhood Disability

An individual under the age of 18 is eligible for Childhood SSI payments if he or she suffers from "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I).

The Commissioner uses a three-step sequential evaluation process to determine whether a claimant is eligible for Childhood SSI. 20 C.F.R. § 416.924. Step One requires the Commissioner to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If so, she is not disabled. If not, the analysis proceeds to Step Two.

Step Two requires the Commissioner to decide whether the claimant has a severe impairment. An impairment is severe if it is more than a "slight abnormality or a combination of slight abnormalities" and causes more than "minimal functional limitations." 20 C.F.R. § 416.924(c). If the child has no severe impairment, she is not disabled. If there is a finding of severe impairment, the analysis proceeds to Step Three.

Step Three requires the Commissioner to determine whether the impairment "meets or medically equals in severity the set of criteria for an impairment listed in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, or if it is functionally equal in severity to a listed impairment." 20 C.F.R. § 416.924(d). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000). If this equivalency test is met and the statutory duration requirement is

3 - OPINION AND ORDER

satisfied, the child will be found disabled. 20 C.F.R. § 416.924(d)(1).

**B. Burden of Proof**

The burden of proof to establish a disability rests upon the claimant. 20 C.F.R. § 416.912(a). *See also Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir.), *cert. denied*, 519 U.S. 881 (1996) (disability benefits). The Commissioner has an affirmative duty to develop the record. 20 C.F.R. § 416.912(d). *See also DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). To that extent, the proceeding is non-adversarial, and the Commissioner shares the burden of proof. *Tackett v. Apfel*, 180 F.3d 1094, 1098 n.3 (9th Cir. 1999).

## THE ALJ'S FINDINGS

The ALJ found Lauzon's obesity, attention-deficit/hyperactivity disorder, and "history of oppositional defiant disorder "severe." Tr. 18. At step two in the sequential proceedings, the ALJ found that Lauzon's impairments do not "medically" equal a listed disorder and at step three found that Lauzon's impairments do not "functionally" equal a listed disorder. *Id*. The ALJ therefore found Lauzon not disabled at any time through the date of his decision. Tr. 24.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh both the evidence that supports and that which detracts from the Commissioner's conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). The reviewing court "may not substitute its judgement for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Magallanes*, 881 F.2d at 750; *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

The ALJ evaluated the opinion of Lauzon's primary mental health practitioner, Peter Schnabel, PMHNP (Psychiatric Mental Health Nurse Practitioner) in detail. Tr. 19-24. However, the ALJ found that "the record depicts . . . Mr. Schnabel as an advocate for an award of SSI for the claimant" and assigned greater weight to the opinion of Lauzon's school psychiatrist, Dr. Strgar. Tr. 24.

Lauzon contends that the ALJ "erred in finding that the child is only moderately limited in the area of social functioning." Pl. Opening Br. 18. A finding of "marked" limitation in social functioning would establish that Lauzon "functionally" equals a listed disorder at step three in the sequential analysis and would subsequently establish disability. 20 C.F.R. § 416.926a.

Lauzon bases her argument upon the ALJ's analysis of Schnabel and Dr. Strgar. The Commissioner submits that the ALJ "acted within his rights" to resolve unidentified ambiguities in the record against Lauzon, but argues that the record remains "ambiguous and undeveloped" and should therefore be remanded for further proceedings in order to readdress Dr. Strgar's opinion. Def. Br. 2-3. Lauzon contends that the immediate award of benefits is appropriate.

### A.    Legal Standards

Generally, a treating physician's testimony is given more weight than that of an evaluating or reviewing physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide "clear and convincing reasons" for rejecting the uncontradicted opinion of a treating physician. *Id.* Such rejection must be supported by substantial evidence. *See id.*

5 - OPINION AND ORDER

The Commissioner considers "all relevant information (i.e. evidence)" in the case record. 20 C.F.R. § 416.924a(a). This includes acceptable medical sources and non-medical sources. *Id.* Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 416.913(a)(1) and (2). Nurse practitioners are generally construed as "other" sources, which may show "the severity of your impairment(s) and how it affects your ability to work." 20 C.F.R. § 416.913(d). However, the regulations specifically state that in evaluating functional equivalence in children, the Commissioner will consider "other" medical sources "not listed in 416.913(a)" as well as "non-medical sources." 20 C.F.R. § 416.924a(a).

Furthermore, a nurse practitioner functioning within a team approach to healthcare may be construed as an acceptable medical source. 20 C.F.R. § 416.913(d); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996), *see also Benton v. Barnhart*, 331 F.3d 1030, 1037 (9th Cir. 2003). Here, nurse practitioner Schnabel treated Lauzon within the auspices of Lane County Mental Health (LCMH), and included Lauzon's pediatricians, Dr. Huffman and Byrne, on his clinical reports. Dr. Huffman unequivocally indicated that Schnabel managed Lauzon's mental health treatment. Tr. 334. Schnabel may therefore be construed as an acceptable medical source within a managed healthcare environment.

### B. Analysis

The record contains reports from both Schnabel and Dr. Strgar, summarized below.

#### i. *Psychiatric Nurse Practitioner Peter Schnabel*

Schnabel treated Lauzon between December 2001 and January 2006, when the record closes. Throughout this period, the record shows that Schnabel was Lauzon's primary mental health care provider. Schnabel made diagnostic assessments, prescribed medication, and assessed treatment

efficacy. Schnabel's treatment notes constitute the largest portion of the record before this court.

Between December 2001 and January 2006 Schnabel consistently assessed Lauzon with ADHD ("combined type"), oppositional defiant disorder, and an anxiety disorder. Tr. 267-68, 270-84, 287, 290-91, 294-97, 299-301, 304, 309-311, 313-14, 316-18, 32-25, 346-51, 385-403, 408, 410, 413, 417-18, 420-23. In December 2001 and April 2004 Schnabel also suggested a possible PTSD diagnosis due to Lauzon's history of sexual abuse. Tr. 3121, 321-24. In January 2006 Schnabel added diagnoses of a learning disorder, based upon Lauzon's academic history, and an eating disorder, based upon Lauzon's extensive history of binge eating. Tr. 420-23.

Schnabel also testified at Lauzon's January 2006 hearing before the ALJ. Tr. 437-456. The majority of the transcribed hearing report is devoted to Schnabel's testimony. Schnabel first testified that Lauzon functioned without her medication in December 2005 in an educational environment with "very structured" support. Tr. 440. Schnabel then noted Lauzon's ongoing ADHD and anxiety symptoms, as well as her difficulties in maintaining appropriate social and peer interactions. Tr. 440-444.

Schnabel finally stated that while Lauzon exhibited some improvement as noted by psychiatrist Dr. Strgar, Lauzon would continue to require a structured setting "throughout her early adulthood." Tr. 446. Schnabel directly addressed Dr. Strgar's report:

> I see Dr. Stigart's [sic] report in terms of there is progress and I hear the progress. But if I were looking at it at this point, my view is that there is ongoing very significant functional difficulties with this girl and again this is within a highly structured treatment program . . . where she's had more structure and . . . reinforcement for positive behaviors and psychotherapy . . . I am not agreeing with Dr. Stigart's [sic] summary in terms of the sense of there being a significant progress and not a need for . . . psychiatric medicine trials or other supports for her.

Tr. 448.

7 - OPINION AND ORDER

The ALJ offered the following assessment of Schnabel's hearing testimony: "Per the testimony at the hearing from the counselor/nurse practitioner, Mr. Schnabel, the school the claimant is attending feels that she is functioning satisfactorily without medications." Tr. 23. This analysis fails to account for Schnabel's testimony.

Schnabel consistently and regularly documented Lauzon's ADHD and oppositional defiant disorder throughout the period in question. Schnabel's notes show no deviation from these diagnoses and furthermore clearly document Lauzon's difficulties relating to her family and peers. Throughout the period Schnabel continually adjusted Lauzon's medication regime, and suggested Lauzon would require future medication and a highly structured environment. The record does not reflect the "ambiguity" raised by the Commissioner. Schnabel's opinion should be credited. *Lester*, 81 F.3d at 834.

### ii.    *Psychiatrist Dr. Strgar*

Psychiatrist Dr. Strgar conducted two annual interviews with Lauzon in September 2004 and September 2005 as part of her educational program at the Center Point School. Tr. 176-82. These assessments were conducted fifteen months after Lauzon applied for SSI. Lauzon was respectively sixteen and seventeen when Dr. Strgar evaluated her.

In September 2004 Dr. Strgar assessed Lauzon with an anxiety disorder, ADHD, and oppositional defiant disorder. Tr. 181. He also assessed a rule out diagnosis of PTSD. *Id.* Dr. Strgar indicated that he reviewed Lauzon's LCMH treatment records, including Schnabel's reports citing medications Schnabel prescribed for Lauzon Tr. 180. Dr. Strgar concluded, "there is no immediate indication for medication change or additional psychopharmacologic intervention." Tr. 181.

Dr. Strgar again evaluated Lauzon in September 2005 and assessed her with an anxiety disorder, ADHD "combined type by history," and "history of oppositional defiant disorder." Tr. 177. Dr. Strgar noted, "Tifani is reported to have few friends and a history of significant social difficulties." Tr. 176. He also noted Schnabel's January 28, 2005 progress note which stated that Lauzon's medications were ceased in November 2004 and that "no changes were seen subsequently." Tr. 177.

The ALJ's offered a very brief analysis of Dr. Strgar's assessment: "[I]t is the opinion of Dr. Strgar that medications are not needed (Exhibit 13E, p.15). This testimony and report of Dr. Strgar is strong evidence that the claimant's ADHD or anxiety, each of which is treatable with medication, are not as severe as alleged." Tr. 24. The ALJ also cited DDS physician reference to Dr. Strgar's global assessment of functioning (GAF)[2] assessment in September 2005. *Id.* The ALJ offered no further discussion of Dr. Strgar's reports.

This court finds that this analysis does not constitute "clear and convincing" reasons for crediting the opinion of an examining physician over a treating medical source with a longstanding relationship with the claimant. The ALJ's rejection of Schnabel's opinion in favor of Dr. Strgar's report is not sustained.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000.), *cert.*

---

[2] The GAF scale is used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100. *Diagnostic and Statistical Manual of Mental Disorders*, 30-32 (4th ed. 1994) (*DSM-IV*).

*denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman*, 211 F.3d at 1178 (quoting *Smolen*, 80 F.3d at 1292). The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)); *Nguyen v. Chater*, 100 F.3d 1462, 1466-67 (9th Cir. 1996); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991).

As discussed above, correction of the errors committed by the ALJ resolves all issues and thus compels a determination of disability, demonstrating that further proceedings would serve no useful purpose. Here, the ALJ erred in rejecting the exhaustive opinion of a treating medical source in favor the opinion of an examining physician. If credited, the limitations described in Schnabel's testimony establishes disability. Specifically, Schnabel's notes and testimony indicate that Lauzon consistently demonstrates marked impairments in social functioning throughout the period in question, establishing that Lauzon "functionally" equals the listings for childhood disability benefits. 20 C.F.R. § 416.926a. Because there are sufficient findings to establish disability if the improperly

10 - OPINION AND ORDER

rejected evidence is credited as true, this court exercises its discretion and remands for an award of benefits.

## ORDER

For these reasons, this Court REVERSES the Commissioner's final decision and REMANDS this matter pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits consistent with this opinion.

IT IS SO ORDERED.

Dated this __1__ day of August, 2007.

_____
Ann Aiken
United States District Judge

11 - OPINION AND ORDER